

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN CARLOS RIOS, §
 §
   Petitioner, §
 §
v. § No. 4:15-CV-792-A
 §
LORIE DAVIS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
   Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

  This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, John Carlos Rios, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

  In October 2004 petitioner was indicted in Tarrant County,

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Texas, Case No. 0953837R, for capital murder. (SHR at 87.[2]) On November 8, 2004, petitioner pleaded not guilty to the offense and his jury trial commenced. (Reporter's R., vol. 3, at 3.) On November 10, 2004, the jury found petitioner guilty as charged under the law of parties, and the trial court assessed an automatic life sentence. (SHR at 88.) The Second Court of Appeals of Texas affirmed the trial court's judgment, and, on September 13, 2006, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Mem. Op. at 10; Docket Sheet at 1.) Petitioner does not assert that he sought writ of certiorari. (Pet. at 3.) On May 11, 2015, petitioner filed a state habeas application challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR at 2 & "Action Taken.") This federal petition was filed on October 16, 2015.[3]

## II. Issues

Generally, petitioner raises four grounds for habeas relief: (1) he received ineffective assistance of counsel; (2) the state

---

[2] "SHR" refers to the record of petitioner's state habeas proceedings in WR-83,457-01.

[3] Petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

engaged in prosecutorial misconduct; (3) the law of parties violates the constitution; (4) the trial court erred in various respects; and (5) the evidence was insufficient to support his conviction. (Pet. 6-7; Pet'r's' Mem. at 30.)

### III.  Statute of Limitations

Respondent contends the petition is untimely. (Resp't's Preliminary Answer at 4-7.)  The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

3

review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's claims raise matters occurring before or during the trial proceedings, therefore subsection (A) is applicable. Under that provision, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's judgment of conviction became final by the expiration of the time he had for filing a timely petition for writ of certiorari in the United States Supreme Court on December 12, 2006, triggering the limitations period, which expired one year later on December 12, 2006, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's state habeas application filed after limitations had already expired did not

operate to toll the limitations period. *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied,* 537 U.S. 1236 (2003); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied,* 532 U.S. 963 (2001). Thus, this petition is untimely unless petitioner is entitled to equitable tolling.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)).

Petitioner provides no explanation for his delay or argument for equitable tolling. Instead, he asserts that the statute of limitations is inapplicable to his case because his conviction and illegal sentence are null and void-"meaning no judgment at all"; his sentence is illegal and a new sentencing has never been ordered; he has not had a fair opportunity to challenge his conviction or sentence in the state courts; he was misled during the state-court proceedings regarding the "cause of action for which he is convicted"; and his conviction is not final. However,

5

he offers no evidentiary or legal basis for his claims.

He also makes a passing assertion of actual innocence. (Pet't's Mem. at 30; Pet'r's Traverse at 6.) In *McQuiggin*, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). *McQuiggin*, 133 S. Ct. at 1932-33. "[T]enable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 1928, 1936 (quoting *Schlup*, 513 U.S. at 316). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 326-27. *See also House v. Bell*, 547 U.S. 518, 539-54 (2006) (discussing at length the evidence presented by the petitioner in

support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). Petitioner presents no *new* evidence of his innocence or convincing argument that he is actually innocent. His extreme delay further mitigates against equitable tolling.

Therefore, petitioner's federal petition was due on or before December 12, 2007, and his petition, filed on October 16, 2015, is untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED November \_\_\_8\_\_\_, 2016.

_____
JOHN MCBRIDE
UNITED STATES DISTRICT JUDGE

7